# UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK
DISTRICT OF KANSAS

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

**SKYLER B. O'HARA**
CLERK
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

June 18, 2025

**STEPHANIE MICKELSEN**
CHIEF DEPUTY CLERK
E-MAIL: Stephanie_Mickelsen@ksd.uscourts.gov
(913) 735-2235

490 U.S.COURTHOUSE
444 NE QUINCY
TOPEKA, KS 66683

**SEE NOTICE OF ELECTRONIC FILING**

Pro Se Appellant Appeal

RE: Ward v. Wesley Medical Center, LLC et al

District Court Case No.:    23-cv-1091-HLT

Notice of Appeal filed by:  Plaintiff William Oscar Ward

Fee Status:    Not paid

The following documents are for the parties in connection with the Notice of Appeal:
Notice of Appeal and Copy of the Docket Sheet.

If you have any questions, please contact the Office of the Clerk of the U.S. Court of Appeals in Denver, Colorado at (303)844-3157.

Sincerely,
SKYLER B. O'HARA
CLERK OF COURT

By: s/ M. Stamper
_____
Deputy Clerk

Cc: Clerk, U.S. Court of Appeals
(Notice of Appeal, Docket Sheet, & Preliminary Record)

CLOSED,APPEAL,ETT−5D,PROTO

# U.S. District Court
# DISTRICT OF KANSAS (Wichita)
# CIVIL DOCKET FOR CASE #: <u>6:23−cv−01091−HLT</u>

Ward v. Wesley Medical Center, LLC et al
Assigned to: District Judge Holly L. Teeter
Demand: $511,000
Cause: 29:2601 Family Medical Leave Act

Date Filed: 05/12/2023
Date Terminated: 05/20/2025
Jury Demand: Both
Nature of Suit: 751 Labor: Family and
Medical Leave Act
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**William Oscar Ward**
*E−Filing & ECF Notifications*

represented by **William Oscar Ward**
928 E. 52nd St. S.
Wichita, KS 67216
316−293−9713
Email: <u>wardfamily1962@gmail.com</u>
PRO SE
*Bar Number:*
*Bar Status:*

V.

**<u>Defendant</u>**

**Wesley Medical Center, LLC**

represented by **Sarah R. Holdmeyer**
Bryan Cave Leighton Paisner, LLP −
KCMO
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
816−374−3250
Fax: 816−855−3250
Alternative Phone:
Cell Phone:
Email: <u>sarah.holdmeyer@bclplaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27584*
*Bar Status: Active*

**Timothy J. Davis**
Bryan Cave Leighton Paisner, LLP −
KCMO
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
816−374−3200
Fax: 816−374−3300

1

Alternative Phone:
Cell Phone:
Email: Tim.davis@bclplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24901*
*Bar Status: Active*

**Tyler J. Briggs**
Bryan Cave Leighton Paisner, LLP –
KCMO
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
816–374–3336
Alternative Phone:
Cell Phone:
Email: tj.briggs@bclplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 29409*
*Bar Status: Active*

**Defendant**

**HCA Healthcare, Inc.**                    represented by    **Sarah R. Holdmeyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27584*
*Bar Status: Active*

**Timothy J. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24901*
*Bar Status: Active*

**Tyler J. Briggs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 29409*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2023 | 1 | COMPLAINT with trial location of Wichita, filed by William Oscar Ward. (jk) (Entered: 05/12/2023) |

| 05/12/2023 | 2 | CIVIL COVER SHEET re 1 Complaint by Plaintiff William Oscar Ward. (jk) (Entered: 05/12/2023) |
|---|---|---|
| 05/12/2023 | | FILING FEE PAID: in the amount of $402, receipt number 600002101. (jk) (Entered: 05/12/2023) |
| 05/12/2023 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Holly L. Teeter and Magistrate Judge Gwynne E. Birzer for all proceedings. Copy of NEF mailed to pro se Plaintiff William Oscar Ward at 928 E. 52nd St. S., Wichita, KS 67216 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available t conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent form are available at http://www.uscourts.gov/forms/civil–forms/notice–consent–and–reference–civil–action–magistrate–jud** (jk) (Entered: 05/12/2023) |
| 05/12/2023 | | SUMMONS ISSUED as to HCA Healthcare, Inc., Wesley Medical Center, LLC (Returned to plaintiff for service. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to Plaintiff for service with complaint. Copy of NEF mailed to pro se Plaintiff William Oscar Ward at 928 E. 52nd St. S., Wichita, KS 67216 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated wit this entry) (jk) (Entered: 05/12/2023) |
| 06/08/2023 | 3 | SUMMONS RETURNED EXECUTED –– Defendant Wesley Medical Center, LLC served on 5/23/2023, answer due 6/13/2023. (mam) (Entered: 06/08/2023) |
| 06/08/2023 | 4 | SUMMONS RETURNED EXECUTED –– Defendant HCA Healthcare, Inc. served on 5/23/2023, answer due 6/13/2023. (mam) (Entered: 06/08/2023) |
| 06/13/2023 | 5 | CLERKS ORDER EXTENDING TIME until 06/27/2023 for Defendants HCA Healthcare, Inc., Wesley Medic Center, LLC to answer or otherwise plead. Signed by deputy clerk on 06/13/2023.Mailed to pro se party Willia Oscar Ward by regular mail. (nao) (Entered: 06/14/2023) |
| 06/15/2023 | 6 | ENTRY OF APPEARANCE by Timothy J. Davis on behalf of Wesley Medical Center, LLC (Davis, Timothy) (Entered: 06/15/2023) |
| 06/15/2023 | 7 | ENTRY OF APPEARANCE by Sarah Holdmeyer on behalf of Wesley Medical Center, LLC (Holdmeyer, Sar (Entered: 06/15/2023) |
| 06/27/2023 | 8 | ANSWER to 1 Complaint by HCA Healthcare, Inc..(Davis, Timothy) (Entered: 06/27/2023) |
| 06/27/2023 | 9 | ANSWER to 1 Complaint by Wesley Medical Center, LLC.(Davis, Timothy) (Entered: 06/27/2023) |
| 06/28/2023 | 10 | INITIAL ORDER REGARDING PLANNING AND SCHEDULING: Scheduling Conference set for 8/16/202 at 10:00 AM by telephone before Magistrate Judge Gwynne E. Birzer. Participants shall dial into the conferenc call at 888–363–4749, enter access code 9686294#, and follow the prompts to join the call. Rule 26 Initial Disclosures and Proposed Scheduling Order due 8/9/2023. Signed by Magistrate Judge Gwynne E. Birzer on 6/28/23. (ala) (Entered: 06/28/2023) |
| 06/28/2023 | | NOTICE Re Pro Se Mailing: 10 Initial Order Regarding Planning and Scheduling mailed to William Oscar Wa at 928 E. 52nd St. S., Wichita, KS 67216 on 6/28/2023 by regular mail. (ala) (Entered: 06/28/2023) |
| 08/08/2023 | 11 | CERTIFICATE OF SERVICE of Rule 26(a)(l) Initial Disclosures of Plaintiff by William Oscar Ward. (jal) (Entered: 08/08/2023) |
| 08/14/2023 | 12 | ORDER OF RECUSAL. Magistrate Judge Gwynne E. Birzer recused. Case reassigned to Magistrate Judge Kenneth G. Gale for all further proceedings. The Scheduling Conference set for 8/16/23 is CANCELLED. Sig by Magistrate Judge Gwynne E. Birzer on 8/14/23. (This is a TEXT ENTRY ONLY. There is no.pdf documen associated with this entry.)(spa) (Entered: 08/14/2023) |

| 08/21/2023 | 13 | MINUTE ORDER REASSIGNING CASE. Case reassigned to Honorable Brooks G. Severson for all further proceedings. Magistrate Judge Kenneth G. Gale no longer assigned to case. Signed by deputy clerk on 8/21/23. Mailed to pro se party by regular mail. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.)(kao) (Entered: 08/21/2023) |
|---|---|---|
| 08/21/2023 | 14 | REVISED INITIAL ORDER REGARDING PLANNING AND SCHEDULING: Scheduling Conference set for 9/18/2023 at 02:00 PM in Wichita Courtroom 406 (BGS) before Honorable Brooks G. Severson. Rule 26 Planning Conference Deadline 9/6/2023. Proposed Scheduling Order Deadline 9/8/2023. Signed by Honorable Brooks G. Severson on 8/21/23. Mailed to pro se party William Oscar Ward by regular mail (cc) (Entered: 08/21/2023) |
| 09/13/2023 | 15 | CERTIFICATE OF SERVICE of Wesley Medical Center's First Request for Admissions, First Interrogatories and First Request for Production to Plaintiff by Wesley Medical Center, LLC. (Davis, Timothy) (Entered: 09/13/2023) |
| 09/18/2023 | 16 | ENTRY OF APPEARANCE by Tyler J. Briggs on behalf of HCA Healthcare, Inc., Wesley Medical Center, LLC. (Briggs, Tyler) (Entered: 09/18/2023) |
| 09/18/2023 | 17 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: SCHEDULING CONFERENCE held on 9/18/2023. (Recorded on FTR System from 2:25 pm – 3:16 pm) (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (tl) (Entered: 09/18/2023) |
| 09/18/2023 | 18 | SCHEDULING ORDER: Joint Mediation Notice or Confidential Settlement Report due to the Magistrate Judge on 11/15/2023. Mediation deadline 1/16/2024. Discovery deadline 3/5/2024. Proposed Pretrial Order due by 4/1/2024. Final Pretrial Conference set for 4/10/2024 at 10:00 AM in Wichita Courtroom 406 (BGS) before Magistrate Judge Brooks G. Severson. Dispositive motion deadline 5/8/2024. See Order for additional deadline information. Signed by Magistrate Judge Brooks G. Severson on 9/18/2023. Mailed to pro se party William Oscar Ward by regular mail. (mam) (Entered: 09/18/2023) |
| 09/28/2023 | 19 | Joint MOTION for Protective Order. Per email dated September 27, 2023, the parties jointly requested the entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information in this case. (referred to Magistrate Judge Brooks G. Severson) (tl) (Entered: 09/28/2023) |
| 09/28/2023 | 20 | ORDER granting 19 Joint Motion for Protective Order. For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request. The Court has reviewed the parties' jointly proposed protective order and largely adopts the Order in its entirety. However, the Court will require a pre–motion conference prior to the parties filing any motions regarding confidentiality under this Order and changes the Order to reflect that change. Signed by Magistrate Judge Brooks G. Severson on 9/28/2023. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (tl) (Entered: 09/28/2023) |
| 09/28/2023 | 21 | PROTECTIVE ORDER. Signed by Magistrate Judge Brooks G. Severson on 9/28/2023. (tl) (Entered: 09/28/2023) |
| 09/28/2023 |  | NOTICE Re: Pro Se Mailing. Documents 19 20 and 21 mailed to William Oscar Ward 928 E. 52nd St. S. Wichita, KS 67216 on 9/28/2023 by regular mail. (sz) (Entered: 09/28/2023) |
| 10/06/2023 | 22 | CERTIFICATE OF SERVICE of Response to Defendant's First Request for Admission, First Interrogatories, and First Request for Production, by William Oscar Ward. (ca) (Entered: 10/06/2023) |
| 10/18/2023 | 23 | CERTIFICATE OF SERVICE of First Request for Admissions, First Interrogatories and First Request for Production of Documents by William Oscar Ward. (ca) (Entered: 10/19/2023) |
| 10/18/2023 | 24 | CERTIFICATE OF SERVICE of Plaintiff's Settlement Proposal by William Oscar Ward. (ca) (Entered: 10/19/2023) |
| 11/15/2023 | 25 |  |

| | | MOTION for extension of time *TO RESPOND TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS* by Defendant Wesley Medical Center, LLC (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit Exhibit A)(Davis, Timothy) (Entered: 11/15/2023) |
|---|---|---|
| 11/15/2023 | 26 | ORDER granting 25 Motion for Extension of Time to Respond to Plaintiff's First Set of Discovery Requests. The Court also reminds the parties that agreements to extend the time to respond to discovery requests can be done without a court order as long as it does not interfere with the discovery deadline. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c). It is the Court's preference that, when possible, these matters be handled without court involvement. Signed by Magistrate Judge Brooks G. Severson on 11/15/2023. Mailed to pro se party William Oscar Ward by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 11/15/2023) |
| 11/15/2023 | | NOTICE Re: Pro Se Mailing. Document 26 Order on Motion for Extension of Time mailed to William Oscar Ward on 11/15/2023 by regular mail. (cc) (Entered: 11/15/2023) |
| 11/16/2023 | | DOCKET ANNOTATION: Plaintiff William Oscar Ward is a registered pro se participant with e−filing & ECF notifications. (gw) (Entered: 11/16/2023) |
| 11/21/2023 | 27 | MEDIATION MINUTE ORDER: The Court has reviewed the parties' confidential settlement reports and has held further discussion with the parties about mediation. The Court hereby suspends the order to mediate but encourages the parties to continue discussing settlement in good faith. If the parties mutually agree that a mediation with a magistrate judge would be of benefit, the parties are directed to notify chambers of the same. Signed by Magistrate Judge Brooks G. Severson on 11/21/2023. Mailed to pro se party William Oscar Ward by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 11/21/2023) |
| 11/21/2023 | | NOTICE Re: Pro Se Mailing. Document 27 Mediation Minute Order mailed to William Oscar Ward on 11/21/2023 by regular mail. (cc) (Entered: 11/21/2023) |
| 11/22/2023 | 28 | CERTIFICATE OF SERVICE of Defendants' Responses to Plaintiff's First Discovery Requests by HCA Healthcare, Inc., Wesley Medical Center, LLC. (Davis, Timothy) (Entered: 11/22/2023) |
| 11/28/2023 | 29 | Objection to Order of Magistrate Judge re 26 Order on Motion for Extension of Time,, by Plaintiff William Oscar Ward (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Ward, William) (Entered: 11/28/2023) |
| 11/29/2023 | 30 | NOTICE of Amended Certificate of Service by William Oscar Ward re 29 Objection to Order of Magistrate Judge re 26 Order on Motion for Extension of Time,, by Plaintiff William Oscar Ward (Ward, William) (Entered: 11/29/2023) |
| 12/11/2023 | 31 | NOTICE of CERTIFICATE OF SERVICE of Plaintiff's Responses to Defendants' Objection towards Plaintiff's First Discovery Request by William Oscar Ward re 28 Certificate of Service (Ward, William) (Entered: 12/11/2023) |
| 12/13/2023 | 32 | RESPONSE by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC re 29 Objection to Order of Magistrate Judge, (Davis, Timothy) (Entered: 12/13/2023) |
| 12/15/2023 | 33 | ORDER overruling 29 Objection to Order of Magistrate Judge. Signed by District Judge Holly L. Teeter on 12/15/2023. (kas) (Entered: 12/15/2023) |
| 12/29/2023 | 34 | MOTION for Reconsideration re 33 Order on Objection to Order of Magistrate Judge by Plaintiff William Oscar Ward (Attachments: # 1 Exhibit Agreement between Plaintiff and Defendant)(Ward, William) (Entered: 12/29/2023) |
| 01/02/2024 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 34 MOTION for Reconsideration re 33 Order on Objection to Order of Magistrate Judge. The motion will be resolved by the District Judge. (tl)** |

| | | (Entered: 01/02/2024) |
|---|---|---|
| 01/03/2024 | 35 | ORDER denying 34 MOTION for Reconsideration filed by William Oscar Ward. Signed by District Judge Ho L. Teeter on January 3, 2024. (mls) (Entered: 01/03/2024) |
| 01/18/2024 | 36 | MOTION to Clarify *Judicial Assignment and Recusal Inquiry* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 01/18/2024) |
| 01/18/2024 | 37 | CERTIFICATE OF SERVICE for Several Correspondence by William Oscar Ward (Ward, William) Modified title on 1/19/2024. (kmc) (Entered: 01/18/2024) |
| 01/22/2024 | 38 | ORDER denying 36 Motion to Clarify. Plaintiff William Oscar Ward moves the Court for information behind Magistrate Judge reassignments in the case. In support thereof, he contends that he is entitled to that informatic because its invokes "tenets of due process." Moreover, he argues that information is necessary for "transparenc and clarity of the proceedings." The Court disagrees. Parties are not entitled to information related to judicial reassignments, nor is the undersigned Magistrate Judge privy to why another magistrate judge recused from th matter. There is no due process right associated with knowing the reasoning behind judicial reassignments, nor the Court required to provide such explanation. Accordingly, Plaintiff's motion is denied. Signed by Magistrate Judge Brooks G. Severson on 1/22/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associate with this entry.) (tl) (Entered: 01/22/2024) |
| 01/25/2024 | 39 | NOTICE of Rescheduled Hearing: <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING</span> (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Mailed to pro se party William Oscar Ward by regular mail. The Final Pretrial Conference is rescheduled for 4/17/2024 at 10:00 AM in Wichita Courtroom 406 (BGS) before Magistrate Judge Brooks G. Severson. (tl) (Entered: 01/25/2024) |
| 02/03/2024 | 40 | NOTICE of CERTIFICATE OF SERVICE – Plaintiff's Third Round of Discovery. by William Oscar Ward *NOTE: I have tried to use the Service of Process option, but it is not allowing me to attach the file that I need t attached. Please advise on how I should handle this moving forward.* (Ward, William) (Entered: 02/03/2024) |
| 02/07/2024 | 41 | MOTION to Clarify *Regarding Joint Meet and Confer Status on Employer–Employee Relationship* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 02/07/2024 |
| 02/08/2024 | 42 | ORDER Setting Hearing on 41 Motion to Clarify *Regarding Joint Meet and Confer Status on Employer–Employee Relationship*: Motion Hearing set for 2/13/2024 at 2:00 PM via Telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson. Signed by Magistrate Judge Brooks G. Severson on 2/8/2024. (This is a TEXT ENTRY ONLY. The is no.pdf document associated with this entry.) (tl) (Entered: 02/08/2024) |
| 02/12/2024 | 43 | MOTION for Recusal *of Magistrate Judge Brooks G. Severson* by Plaintiff William Oscar Ward (Attachments 1 Affidavit Supporting the Motion for Recusal, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Ward, William) Modified on 2/13/2024 to remove duplicate "exhibit" word (ca). (Entered: 02/12/2024) |
| 02/12/2024 | 44 | MOTION to Stay Discovery re 43 MOTION for Recusal *of Magistrate Judge Brooks G. Severson* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit Declaration supporting Motion to Stay)(Ward, William) (Entered: 02/12/2024) |
| 02/13/2024 | 45 | MEMORANDUM AND ORDER denying 43 Motion for Recusal; denying as moot 44 Motion to Stay Discove Signed by Magistrate Judge Brooks G. Severson on 2/13/2024. (sz) (Entered: 02/13/2024) |
| 02/13/2024 | 46 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: MOTION HEARING he on 2/13/2024 re 41 MOTION to Clarify *Regarding Joint Meet and Confer Status on Employer–Employee Relationship*. (Recorded on the FTR System from 2:00 pm – 2:44 pm) (This is a TEXT ENTRY ONLY. There no.pdf document associated with this entry.) (tl) (Entered: 02/13/2024) |

| | | |
|---|---|---|
| 02/13/2024 | 47 | ORDER granting in part and denying in part <u>41</u> Motion to Clarify. The Court held a motion hearing on the rec concerning Plaintiff's motion to clarify. Plaintiff appeared pro se and by telephone. Defendants appeared throu counsel Sarah Holdmeyer and also by telephone. The Court discussed, in detail, Plaintiff's motion as well as th history of the case. The Court provided clarification to the Plaintiff regarding the HCA Healthcare status repor Plaintiff stated on the record that he had no further questions. The Court denied Plaintiff's request to extend the discovery deadline because he did not establish good cause in the motion or during the hearing. The reasoning behind the Court's rulings are more fully discussed on the record. The Court also advises the parties that any future hearings are likely to be held in person. Signed by Magistrate Judge Brooks G. Severson on 2/13/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 02/13/202 |
| 02/27/2024 | <u>48</u> | NOTICE OF SERVICE by William Oscar Ward of Plaintiffs Response to the Defendants Objection towards Plaintiff's Second Round of Discovery (Ward, William) (Entered: 02/27/2024) |
| 02/27/2024 | <u>49</u> | MOTION for Reconsideration re 47 Order on Motion to Clarify,,,, by Plaintiff William Oscar Ward (referred t Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 02/27/2024) |
| 03/01/2024 | <u>50</u> | MOTION for extension of time by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # <u>1</u> Exhibit)(Ward, William) (Entered: 03/01/2024) |
| 03/01/2024 | <u>51</u> | **WITHDRAWN PER (53) ORDER** MOTION for Discovery *Deemed Admission as Admitted* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit)(Ward, William) Modified on 3/6/2024 per DE 53. (jal) (Entered: 03/01/2024) |
| 03/05/2024 | <u>52</u> | MOTION to Withdraw <u>51</u> MOTION for Discovery *Deemed Admission as Admitted* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 03/05/2024) |
| 03/05/2024 | 53 | ORDER finding as moot <u>51</u> Motion for Discovery; granting <u>52</u> Motion to Withdraw. Plaintiff requests to withdraw his Motion to Deem Admissions as Admitted. The motion is granted. As such, the motion for discov is moot. Signed by Magistrate Judge Brooks G. Severson on 3/5/2024. (This is a TEXT ENTRY ONLY. There no.pdf document associated with this entry.) (tl) (Entered: 03/05/2024) |
| 03/05/2024 | 54 | ORDER setting Hearing on <u>50</u> Motion for extension of time: Motion Hearing set for <u>3/25/2024 at 10:00 AM</u> in Wichita Courtroom 406 (BGS) before Magistrate Judge Brooks G. Severson. Upon review of the motion, it appears there are some discovery issues that could necessitate a motion to compel. Given the requirements und Local Rule 37.1(a) to have a pre−motion conference with the court prior to the filing of a discovery−related motion, the Court plans to take up all discovery−related issues during the hearing. The parties are ordered to exchange and provide the Court with a position statement not to exceed 5 pages on all discovery related issues The position statement should briefly summarize each issue along with the party's position. The parties should also provide the Court with a copy of the requests/responses at issue. The position statement is due to the Cour by <u>Friday, March 15, 2024</u>. The parties are further ordered to meet and confer in person prior to the March 25 hearing. If the parties would like to meet at the courthouse prior to the March 25 hearing, the Court can make a courtroom or a conference room available to them. At the hearing, the Court will first address the discovery related matters and then will discuss the deadlines and whether the schedule will be amended and additional tim permitted for discovery. Signed by Magistrate Judge Brooks G. Severson on 3/5/2024. (This is a TEXT ENTR ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 03/05/2024) |
| 03/05/2024 | <u>55</u> | MOTION to Clarify *Order Setting Hearing on Motion Doc No. 54* by Plaintiff William Oscar Ward (referred t Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 03/05/2024) |
| 03/06/2024 | 56 | ORDER granting <u>55</u> Motion to Clarify. Plaintiff requests clarification on the Court's prior order. *See* Doc. 54. Court grants Plaintiff's motion and provides the following clarification. As a reminder, no discovery−related motion may be filed until Plaintiff has met and conferred with opposing counsel and had a pre−motion conference with the court, as required by D. Kan. Rule 37.1 and 37.2. Here, no pre−motion conference with the court has occurred. As stated in the Court's prior order, the hearing set for March 25 will serve as the parties' pre−motion discovery conference with the court as required by local rule 37.1. The parties are ordered to comp |

| | | with the directives in that order, including submitting position statements to the court and participating in an in–person, meet and confer session prior to the March 25 hearing. At the hearing, the Court will address deadlines, including any deadline for a motion to compel, at that time. Signed by Magistrate Judge Brooks G. Severson on 3/6/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 03/06/2024) |
|---|---|---|
| 03/07/2024 | 57 | MEMORANDUM AND ORDER denying 49 MOTION for Reconsideration re 47 Order on Motion to Clarify filed by William Oscar Ward. Signed by Magistrate Judge Brooks G. Severson on 03/07/2024. (kmc) (Entered: 03/07/2024) |
| 03/12/2024 | 58 | MOTION to Clarify *In–Person Meet and Confer* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit, # 2 Exhibit)(Ward, William) (Entered: 03/12/2024) |
| 03/13/2024 | 59 | ORDER denying 58 Motion to Clarify. The motion is denied for the reasons stated in the Court's previous order. *See* Doc. 57. Signed by Magistrate Judge Brooks G. Severson on 3/13/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 03/13/2024) |
| 03/15/2024 | 60 | STATEMENT *Joint Position Statement Regarding Discovery–Related Issues* by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Defendants' Counsel Responses to First Requests for Production of Documents, # 4 HCA's Answers to Plaintiff's Second Interrogatories, # 5 HCA's Answers to Plaintiff's Second Requests for Admission, # 6 HCA's Answers to Plaintiff's Third Requests for Admission, # 7 Wesley's Answers to Plaintiff's Second Interrogatories, # 8 Wesley's Answers to Plaintiff's Second Requests for Admission, # 9 Wesley's Responses to Plaintiff's Second Requests for Production of Documents)(Davis, Timothy) (Additional attachment added on 3/18/2024: # 10 Corrected Exhibit B. Original has been blocked from public view due to a violation of privacy policy.) (jal) (Entered: 03/15/2024) |
| 03/15/2024 | 61 | STATEMENT re 54 Order Setting Hearing on Motion,,,,,, *Position Statement on Discovery Dispute* by Plaintiff William Oscar Ward. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Ward, William) (Entered: 03/15/2024) |
| 03/25/2024 | 62 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: MOTION HEARING held on 3/25/2024 re 50 MOTION for extension of time. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 03/25/2024) |
| 03/26/2024 | 63 | MEMORANDUM AND ORDER granting in part and denying in part 50 Motion for Extension of Time to File. Discovery deadline 4/26/2024. Defendant shall supplement their discovery responses by April 4, 2024. Dispositive motion deadline 6/14/2024. Proposed Pretrial Order due by 5/6/2024. Pretrial Conference set for 5/16/2024 at 01:00 PM in Wichita Courtroom 406 (BGS) before Magistrate Judge Brooks G. Severson. Signed by Magistrate Judge Brooks G. Severson on 03/25/2024. (kmc) (Entered: 03/26/2024) |
| 03/27/2024 | 64 | NOTICE by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC of taking deposition of William Oscar Ward on 04/09/2024 (Davis, Timothy) (Entered: 03/27/2024) |
| 04/18/2024 | 65 | MOTION to Compel *Completion of Deposition* by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Davis, Timothy) (Entered: 04/18/2024) |
| 04/18/2024 | 66 | ORDER expediting the deadline for Plaintiff to respond to 65 Motion to Compel *Completion of Deposition*. The deadline for Plaintiff to respond to the motion is expedited to 4/24/2024. No Reply is permitted. Signed by Magistrate Judge Brooks G. Severson on 4/18/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 04/18/2024) |
| 04/20/2024 | 67 | MOTION to Stay Case *Proceedings Due to Plaintiff's Health Issues* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit, # 2 Exhibit)(Ward, William) (Entered: 04/20/2024) |

| 04/20/2024 | 68 | RESPONSE by Plaintiff William Oscar Ward re 65 Motion to Compel (Ward, William) (Entered: 04/20/2024) |
| 04/22/2024 | 69 | ORDER expediting the deadline to respond to 67 Motion to Stay *Proceedings Due to Plaintiff's Health Issues.* The deadline for Defendants to respond to the motion is expedited to 4/29/2024. No Reply is permitted. Signed by Magistrate Judge Brooks G. Severson on 4/22/2024. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (tl) (Entered: 04/22/2024) |
| 04/23/2024 | 70 | MOTION for extension of time *of Discovery Period* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit, # 2 Exhibit)(Ward, William) (Entered: 04/23/2024) |
| 04/23/2024 | 71 | MOTION to Compel *Discovery Responses* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit)(Ward, William) (Entered: 04/23/2024) |
| 04/24/2024 | 72 | RESPONSE by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC re 67 Motion to Stay Case (Davis, Timothy) (Entered: 04/24/2024) |
| 04/29/2024 | 73 | ORDER regarding 71 MOTION to Compel *Discovery Responses* filed by William Oscar Ward and 70 MOTION for extension of time *of Discovery Period* filed by William Oscar Ward. The Court notes that Defendants' response deadline is May 7, 2024. **No reply brief will be permitted.** Signed by Magistrate Judge Brooks G. Severson on 4/29/24. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.)(c) (Entered: 04/29/2024) |
| 04/29/2024 | 74 | NOTICE of Hearing: <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING:</span> Motion Hearing set for 5/16/2024 at 01:00 PM in Wichita Courtroom 406 (BGS) before Magistrate Judge Brooks G. Severson regarding the following motions: 67 MOTION to Stay Case, 65 MOTION to Compel Completion of Deposition, 70 MOTION for extension of Discovery Period, and 71 MOTION to Compel Discovery Responses. **The Pretrial Conference, previously set for this date & time, is suspended; resetting the Pretrial Conference will be addressed during the motion hearing.** Mailed to pro se party Wiliam Oscar Ward (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.)(df) (Entered: 04/29/2024) |
| 04/29/2024 |  | NOTICE Re: Pro Se Mailing. Document 74 Notice of Hearing on Motion mailed to William Oscar Ward on 4/29/2024 by regular mail. (cc) (Entered: 04/29/2024) |
| 05/01/2024 | 75 | TRANSCRIPT of Hearing held March 25, 2024 before Judge Brooks G. Severson, Court Reporter Jana McKinney, 316–315–4268, jana_mckinney@ksd.uscourts.gov. Transcript purchased by: Mr. Timothy Davis. <br><br>*NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.* <br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the court reporter or through PACER. Release of Transcript Restriction set for 7/30/2024. (jlm) (Entered: 05/01/2024) |
| 05/07/2024 | 76 | MEMORANDUM IN OPPOSITION by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC re 70 MOTION for extension of time *of Discovery Period* (Davis, Timothy) (Entered: 05/07/2024) |
| 05/07/2024 | 77 | MEMORANDUM IN OPPOSITION by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC re 71 MOTION to Compel *Discovery Responses* (Attachments: # 1 Ex. A, # 2 Ex. B, # 3 Ex. C, # 4 Ex. D, # 5 Ex. E, # 6 Ex. F, # 7 Ex. G)(Davis, Timothy) (Entered: 05/07/2024) |
| 05/10/2024 | 78 | EMERGENCY MOTION to Continue Hearing by Plaintiff William Oscar Ward. (Motion referred to Magistrate Judge Brooks G. Severson.) (Ward, William) (Entered: 05/10/2024) |

| 05/13/2024 | 79 | ORDER granting in part and denying in part 78 Motion to Continue. The Court denies Plaintiff's request to continue the hearing. However, the Court will convert the hearing to a telephone conference in hopes that it will reduce his anxiety. The hearing will take place on 5/16/2024 at 1:00 PM by telephone before Magistrate Judge Brooks G. Severson. Parties and counsel should call 1–888–363–4749 and enter access code 5407703 to participate in the hearing. Plaintiff is also ordered to submit the "comprehensive medical statement" referenced in his motion by 5/15/2024. The medical statement should include a summary of Plaintiff's prescribed medications, the impact the medications have on his mental state, the length Plaintiff needs to take the medications, and how long any side effects may persist. The medical statement may be emailed to the undersigned's chambers. Signed by Magistrate Judge Brooks G. Severson on 5/13/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 05/13/2024) |
| 05/15/2024 | 80 | ORDER denying 71 Motion to Compel. Plaintiff alleges that Defendants have not complied with the Court's previous order on March 26, 2024. See Doc. 63. Specifically, he alleges that Defendants have not fully responded to his interrogatory numbers 19 and 25, and request for production number 36. Defendants responded with numerous exhibits that detail their responses and supplemental responses to his discovery requests. The Court has reviewed, in detail, the briefing and accompanying exhibits. The Court finds that the Defendants have complied with the Court's prior order and have adequately responded to Plaintiff's discovery requests. Accordingly, Plaintiff's motion is denied. Signed by Magistrate Judge Brooks G. Severson on 5/15/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 05/15/2024) |
| 05/16/2024 | 81 | MOTION for Reconsideration. Per emails dated May 14, 2024, and May 15, 2024, Plaintiff requested the Court to continue the telephone conference set for May 16, 2024, at 1:00 PM. (referred to Magistrate Judge Brooks G. Severson) (tl) (Entered: 05/16/2024) |
| 05/16/2024 | 82 | ORDER denying 81 MOTION for Reconsideration. The Court denies both of Plaintiff's requests. The Court informed the Plaintiff via email that the Court is not planning to take up substantive issues during the telephone conference. However, the Court needs to discuss a plan with the parties going forward. Accordingly, Plaintiff's requests are denied and the parties are expected to participate in the telephone conference. Signed by Magistrate Judge Brooks G. Severson on 5/16/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 05/16/2024) |
| 05/16/2024 | 83 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: TELEPHONE CONFERENCE held on 5/16/2024. (Recorded on the FTR System from 1:00 p.m.–1:33 p.m.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 05/16/2024) |
| 05/16/2024 | 84 | ORDER granting 65 Motion to Compel; granting in part and denying in part 67 Motion to Stay Case; granting in part and denying in part 70 Motion for Extension of Time. The Court held a telephone conference with the parties and ruled on three pending motions. Docs. 65, 67, and 70. Plaintiff filed two motions, Docs. 67 and 70, which requested an extension of the discovery deadline and to stay the case. Those motions are granted in part and denied in part. The Court will stay the case for 30 days. No depositions may be conducted during that time. The purpose of the stay is for Plaintiff to work on his mental health and to manage side effects of medications. The Court will set a status conference to take place in approximately 30–days in a forthcoming order. Plaintiff should be prepared to move forward with his case at the upcoming status conference, including whether he requests time to conduct depositions, and the identity of any deponents. The Court is not agreeing at this time that discovery will remain open, but Plaintiff should be prepared to discuss his position. Plaintiff is further reminded of his duty to prosecute his case and that failure to do so may result in the undersigned recommending to the District Judge that his case be dismissed for failure to prosecute. The third motion the Court ruled on was Defendants' motion to compel Plaintiff's deposition. Doc. 65. The motion also seeks to compel the production of Plaintiff's notes which were brought with him during the first attempt at his deposition. That motion is granted, but the Court is not ordering the deposition take place at this time. This will be discussed in more detail at the upcoming status conference. Plaintiff's deposition will take place at the Wichita courthouse with either the undersigned present or available should issues arise. Plaintiff is ordered to preserve notes from his first deposition and this will be discussed in more detail at the upcoming status conference. Signed by Magistrate Judge Brooks G. Severson on |

| | | |
|---|---|---|
| | | 5/16/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered 05/16/2024) |
| 05/16/2024 | 85 | ORDER SETTING STATUS CONFERENCE: Status Conference set for 6/20/2024 at 10:00 AM via Telephon before Magistrate Judge Brooks G. Severson. Parties and counsel should call 1–888–363–4749 and enter acce code 5407703 to participate in the hearing. Signed by Magistrate Judge Brooks G. Severson on 5/16/2024. (Th is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 05/16/2024) |
| 06/20/2024 | 86 | MOTION for Extension of Stay Due to Medical Condition by Plaintiff William Oscar Ward. (Motion referred Magistrate Judge Brooks G. Severson.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Ward, William) (Entered: 06/20/2024) |
| 06/20/2024 | 87 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: STATUS CONFERENC held on 6/20/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 06/20/2024) |
| 06/20/2024 | 88 | ORDER granting in part and denying in part 86 Motion for Extension of Stay. The Court held a status conferen on the record. During that status conference, the Court heard arguments pertaining to Plaintiff's motion to exte the stay. Plaintiff requests an additional 90–days to the current stay due to issues with his mental health. Defendants oppose the motion arguing that the case should be dismissed without prejudice. The Court ruled th another 30 days will be granted. Accordingly, the case is stayed for another 30–days. A status conference will set for approximately 30–days out in a separate text entry. During the extended stay, the parties are directed to discuss the potential filing of a stipulation of dismissal without prejudice and the possibility of tolling the statu of limitations for a period of time. They are also directed to discuss potential settlement/mediation, including whether a mediation with a Magistrate Judge would be beneficial. Lastly, the Court directs Plaintiff to provide update regarding his mental health and ability to continue with his case. He should attach any medical statements/records he has in support. The parties are ordered to provide the Court with a status update, either jointly or separately, by July 19, 2024. The status update(s) should include (1) whether there is interest in dismissing this matter without prejudice; (2) whether mediation with a Magistrate Judge would be beneficial; a (3) a proposed plan of action going forward. Plaintiff should also should provide his health update within his status report (or within his section if submitting jointly). The status report may be emailed to undersigned Magistrate Judge's chambers. The Plaintiff is again reminded that he has a duty to prosecute his case and that failure to do so may result in the undersigned recommending to the District Judge that his case be dismissed fo failure to prosecute. Signed by Magistrate Judge Brooks G. Severson on 6/20/2024. (Hearing recorded from 10:00 a.m.–10:28 a.m.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry. (tl) (Entered: 06/20/2024) |
| 06/20/2024 | 89 | ORDER SETTING STATUS CONFERENCE: Status Conference set for 7/23/2024 at 10:00 AM via Telephon before Magistrate Judge Brooks G. Severson. Parties and counsel should call 1–888–363–4749 and enter acce code 5407703 to participate in the hearing. Signed by Magistrate Judge Brooks G. Severson on 6/20/2024. (Th is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 06/20/2024) |
| 07/21/2024 | 90 | MOTION for extension of time *to Response on the Judges Prior Order (ECF 88)* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit, # 2 Exhibit)(Ward, Willia (Entered: 07/21/2024) |
| 07/22/2024 | 91 | ORDER denying 90 Motion for Extension of Time. Plaintiff requests to continue the previously set status conference and to extend his submission deadline. The motion is denied. The Status Conference will take place scheduled and Plaintiff should be prepared to discuss the issues noted in the Court's prior order. *See* Doc. 88. Specifically, Plaintiff should be prepared to discuss Defendants' proposal to dismiss the suit *without prejudice*, potential mediation, and a proposed plan to move the case forward. Signed by Magistrate Judge Brooks G. Severson on 7/22/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry. (tl) (Entered: 07/22/2024) |
| 07/23/2024 | 92 | |

| | | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: STATUS CONFERENCE held on 7/23/2024. (Recorded from 10:00 am – 10:37 am) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 07/23/2024) |
|---|---|---|
| 07/23/2024 | 93 | ORDER SETTING STATUS CONFERENCE: Status Conference set for 8/6/2024 at 11:00 AM via Telephone before Magistrate Judge Brooks G. Severson. Parties and counsel should call 1−888−363−4749 and enter access code 5407703 to participate in the hearing. The parties are directed to further meet and confer regarding dismiss without prejudice under Fed. R. Civ. P. 41(a)(2). The Court orders the parties to submit a status report, either jointly or individually, by 8/2/2024. The status report(s) should provide an update on the potential agreement to dismiss the case without prejudice and when such a dismissal may be presented before the Court. In the event agreement is unable to be reached, the parties should be prepared to discuss a case schedule going forward at the status conference. The Court intends to enter a case schedule at the status conference if no agreement is reache Signed by Magistrate Judge Brooks G. Severson on 7/23/2024. (This is a TEXT ENTRY ONLY. There is no.p document associated with this entry.) (tl) (Entered: 07/23/2024) |
| 08/06/2024 | 94 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: STATUS CONFERENCE held on 8/6/2024. (Recorded from 11:05 am – 11:27 am) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 08/06/2024) |
| 08/06/2024 | 95 | ORDER: By August 13, 2024, the parties are ordered to either (1) submit a proposed schedule to the Court, or the alternative, (2) file a joint motion for a stipulation of dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). In the event the parties elect to submit a proposed schedule, the parties need to propose a reasonable time for the completion of discovery. The Defendants may take the lead in preparing and submitting the case schedule. Discovery is limited to the deposition of Plaintiff, the deposition of witness Lisa Clark, and the deposition of HCA Healthcare, Inc. pursuant to Rule 30(b)(6). The proposed schedule should include proposed/agreed upon dates for the depositions. The parties should propose, at minimum, 3 dates for Plaintiff's deposition so the undersigned can ensure her availability. The parties must also include a deadline for Plaintiff produce his notes from the first attempt at his deposition. Lastly, Plaintiff should send his proposed Rule 30(b)( deposition notice to Defendants as soon as practicable. Signed by Magistrate Judge Brooks G. Severson on 8/6/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 08/06/2024) |
| 08/14/2024 | 96 | MOTION for extension of time. By way of email, Defendants requested a one−week extension of the parties' deadline to submit a proposed schedule for completing the remaining discovery or to move to dismiss without prejudice. (referred to Magistrate Judge Brooks G. Severson) (tl) (Entered: 08/14/2024) |
| 08/14/2024 | 97 | ORDER granting 96 Motion for Extension of Time. The request is granted. The deadline to either (1) submit a proposed schedule to the Court, or in the alternative, (2) file a joint motion for a stipulation of dismissal withou prejudice under Fed. R. Civ. P. 41(a)(2) is extended to 8/20/2024. Signed by Magistrate Judge Brooks G. Severson on 8/14/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry. (tl) (Entered: 08/14/2024) |
| 08/21/2024 | 98 | FIRST REVISED SCHEDULING ORDER: Estimated trial time 5 days. Discovery deadline 10/31/2024. Proposed Pretrial Order due by 11/22/2024. Final Pretrial Conference set for 12/17/2024 at 02:00 PM in Wichi Courtroom 406 (BGS) before Magistrate Judge Brooks G. Severson. Potentially dispositive motions (e.g., summary judgment) by 1/14/2025. Signed by Magistrate Judge Brooks G. Severson on 08/21/2024. (kmc) (Entered: 08/21/2024) |
| 08/30/2024 | 99 | MOTION for Reconsideration and Correction of 98 Scheduling Order by Plaintiff William Oscar Ward. (Moti referred to Magistrate Judge Brooks G. Severson.) (Ward, William) (Entered: 08/30/2024) |
| 08/30/2024 | 100 | ORDER denying 99 MOTION for Reconsideration. Plaintiff moves for reconsideration of the first revised scheduling order. He requests (1) the court to reconsider the order of depositions; (2) to exclude Lisa Clark fro his deposition; and (3) to correct a typographical error in the scheduling order. A motion for reconsideration requires the movant to show (1) an intervening change in controlling law; (2) the availability of new evidence; |

| | | (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3. In regards to changing the or of depositions, Plaintiff has not established an intervening change in law, the availability of new evidence, or t need to correct clear error or manifest injustice. That request is denied. The issue of Ms. Clark's attendance at t deposition was not addressed in the Court's previous order and is therefore not properly raised in a motion for reconsideration. However, the Court refers Plaintiff to the District of Kansas deposition guidelines available on the Court's website (https://ksd.uscourts.gov/deposition−guidelines). Plaintiff is encouraged to confer with defense counsel regarding this issue. If the parties are unable to resolve the issue, they may contact the Court prior to September 6, 2024, so the Court may schedule a conference to rule on the issue. The Court cautions th parties that Plaintiff's September 19, 2024 deposition date is firm. Lastly, the reference in DE 98, subparagraph (f) is intended to refer to Lisa "Clark" and not Lisa "Baker." Given that there doesn't appear to be confusion as who this individual is intended to be, the Court will not enter a revised scheduling order and this text entry instead will serve as notice of the clarification. Signed by Magistrate Judge Brooks G. Severson on 8/30/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 08/30/20 |
| 09/04/2024 | 101 | NOTICE of Service of Supplemental Disclosures by William Oscar Ward (Ward, William) (Entered: 09/04/20 |
| 09/06/2024 | 102 | (WITHDRAWN Per Doc. 115 ORDER) MOTION to Compel *Defendant to agree to tolling without stipulation Grant Equitable Tolling* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Ward, William) (mls). (Entered: 09/06/2024) |
| 09/06/2024 | 103 | MOTION to Exclude Lisa Clark from Deposition by Plaintiff William Oscar Ward. (Motion referred to Magistrate Judge Brooks G. Severson.) (Ward, William) (Entered: 09/06/2024) |
| 09/09/2024 | 104 | ORDER Setting Hearing on 103 MOTION to Exclude *Lisa Clark from Plaintiff's Deposition*: Motion Hearing for 9/11/2024 at 11:00 AM via Telephone before Magistrate Judge Brooks G. Severson. Parties and counsel should call 1−888−363−4749 and enter access code 5407703 to participate in the hearing. Signed by Magistrat Judge Brooks G. Severson on 9/9/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 09/09/2024) |
| 09/11/2024 | 105 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: MOTION HEARING he on 9/11/2024 regarding 103 Motion to Exclude Lisa Clark from Deposition. (Recorded from 11:00 am −11:42 am) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 09/11/2024) |
| 09/11/2024 | 106 | ORDER granting in part and denying in part 103 Motion to Exclude Lisa Clark from Deposition. The motion i granted in part and denied in part for the reasons stated on the record. The motion is granted to extent that Lisa Clark may not appear in person at the deposition. However, the Court did not find good cause to exclude her entirely from the deposition. Lisa Clark may attend by video teleconference. Her screen must be turned off and her audio muted during the deposition. The computer on which she is attending must also be turned away from the Plaintiff. Additionally, Plaintiff has until 9/13/2024 to fully comply with the Court's previous order at DE 8 Plaintiff is ordered to produce his notes that he brought with him at the first attempt at his deposition. He is als cautioned to not redact or withhold any notes that fall under the Court's order. Signed by Magistrate Judge Bro G. Severson on 9/11/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 09/11/2024) |
| 09/13/2024 | 107 | NOTICE OF SERVICE by William Oscar Ward of DEPOSITION NOTES (Ward, William) (Entered: 09/13/2024) |
| 09/13/2024 | 108 | MOTION to Clarify *DEPOSITION EVENTS* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit)(Ward, William) (Entered: 09/13/2024) |
| 09/16/2024 | 109 | ORDER finding as moot 108 Motion to Clarify the Deposition Events. Plaintiff filed a motion seeking to clarif and address statements made by defense counsel during a previous hearing. The motion does not seek any relie and instead appears to constitute a notice. As such, the Court finds the motion as moot and will instead constru |

| | | the filing as a notice. Signed by Magistrate Judge Brooks G. Severson on 9/16/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 09/16/2024) |
|---|---|---|
| 09/19/2024 | 110 | MOTION to Clarify *Deposition Preparation* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 09/19/2024) |
| 09/19/2024 | 111 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: DISCOVERY ATTENDANCE on 9/19/2024. Judge's in−person attendance for deposition of pro se Plaintiff at the request of the parties. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entere 09/19/2024) |
| 09/20/2024 | 112 | ORDER finding as moot 110 Motion to Clarify Deposition Preparation. Plaintiff filed a motion seeking to clar the steps he took to prepare for his deposition. Similar to his previous motion at DE 108, it does not seek any relief and instead appears to constitute a notice. As such, the Court finds the motion as moot and will instead construe the filing as a notice. Signed by Magistrate Judge Brooks G. Severson on 9/20/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 09/20/2024) |
| 09/20/2024 | 113 | RESPONSE by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC re 102 Motion to Compel, *Defendants' Response to Plaintiff's Motion to Compel or for Equitable Tolling* (Davis, Timothy) (Entered: 09/20/2024) |
| 09/23/2024 | 114 | MOTION to Withdraw 102 Motion to Compel or for Equitable Tolling by Plaintiff William Oscar Ward (refer to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 09/23/2024) |
| 09/23/2024 | 115 | ORDER withdrawing 102 Motion for Equitable Tolling; granting 114 Motion to Withdraw. Plaintiff moved to withdraw his motion for equitable tolling. The motion is granted and his motion for tolling is withdrawn. Signe by Magistrate Judge Brooks G. Severson on 9/23/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 09/23/2024) |
| 10/09/2024 | 116 | MOTION for Judge's Presence at Depositions by Plaintiff William Oscar Ward. (Motion referred to Magistrate Judge Brooks G. Severson.) (Ward, William) (Entered: 10/09/2024) |
| 10/09/2024 | 117 | ORDER granting in part and denying in part 116 Motion for Judge's Presence at Depositions. Signed by Magistrate Judge Brooks G. Severson on 10/9/2024. (ca) (Entered: 10/09/2024) |
| 10/10/2024 | 118 | NOTICE by Plaintiff William Oscar Ward of taking deposition of Lisa Clark on 10/24/2024. (Ward, William) (Entered: 10/10/2024) |
| 10/16/2024 | 119 | NOTICE by Plaintiff William Oscar Ward of taking deposition of HCA CORPORATE REPRESENTATIVE o October 30, 2024 (Ward, William) (Entered: 10/16/2024) |
| 10/21/2024 | 120 | RESPONSE to 118 Notice to Take Deposition by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC. (Davis, Timothy) (Entered: 10/21/2024) |
| 10/21/2024 | 121 | MOTION for Reconsideration re 117 Order on Motion for Protective Order, 98 Scheduling Order, by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 10/21/2024 |
| 10/21/2024 | 122 | Plaintiff's Response to Defendant's Objections and Motion for Court Approval to use Skribe AI for Deposition by Plaintiff William Oscar Ward. (Attachments: # 1 Exhibit, # 2 Exhibit)(Ward, William) Modified on 10/22/2024 to update docket text (kas). (Entered: 10/21/2024) |
| 10/22/2024 | 123 | NOTICE OF TELEPHONE CONFERENCE: (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Telephone Conference set for 10/22/2024 at 4:00 PM before Magistrate Judge Broo G. Severson. Parties and counsel should call 1−888−363−4749 and enter access code 5407703 to participate in the hearing. (tl) (Entered: 10/22/2024) |
| 10/22/2024 | 124 | |

| | | PLAINTIFF'S SUPPLEMENTAL MOTION FOR DOCUMENT PRODUCTION AND DEPOSITION PROCEDURES (Doc No. 122) by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Ward, William) Modified on 10/23/2024 to update docket text to match document (kas) (Entered: 10/22/2024) |
|---|---|---|
| 10/22/2024 | 125 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: TELEPHONE CONFERENCE held on 10/22/2024. (Recorded from 4:00 PM to 4:35 PM) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 10/22/2024) |
| 10/23/2024 | 126 | ORDER. Plaintiff's motion for reconsideration, doc. 121 , is denied. Plaintiff's motion for document production doc. 124 , is denied. Plaintiff's motion for court approval to use Skribe AI, doc. 122 , is denied as moot. Signed Magistrate Judge Brooks G. Severson on 10/23/2024. (mam) (Entered: 10/23/2024) |
| 10/25/2024 | 127 | RESPONSE *to Plaintiff's 119 Notice to Take the Oral Videotaped Deposition of HCA Corporate Representative* by Defendant HCA Healthcare, Inc.. (Davis, Timothy) Modified text and added link on 10/28/2024 (msb). (Entered: 10/25/2024) |
| 10/28/2024 | 128 | RESPONSE to 127 Response *to Defendants Objection to HCA Corporate Representative Deposition Topics* by Plaintiff William Oscar Ward. (Ward, William) (Entered: 10/28/2024) |
| 10/28/2024 | 129 | MOTION to Compel *Further Responses and Production of Document from Lisa Clark's Deposition* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 10/28/2024) |
| 10/28/2024 | 130 | ORDER denying without prejudice 129 Motion to Compel. Plaintiff has not complied with the Local Rules. Before filing a discovery–related motion, Plaintiff must meet and confer with defense counsel and, if necessary request a pre–motion conference with the Court to discuss any remaining disputes. *See* D. Kan. Rules 37.1(a), 37.2. As a reminder, conferring "means more than emailing, mailing, or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." D. Kan. Rule 37.2. If disputes still remain after the parties' meet and confer session, Plaintiff may reach out to Chambers to schedule a pre–motion conference. The Court will not entertain any discovery–related motions until after Plaintiff has complied with the Local Rules. Signed by Magistrate Judge Brooks G. Severson on 10/28/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 10/28/2024) |
| 11/20/2024 | 131 | MOTION to Compel *Further Responses and Production of Document from Lisa Clark and HCA Corporate Representative Deposition* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Ward, William) (Entered: 11/20/2024) |
| 11/20/2024 | 132 | MOTION for extension of time *to Extend Discovery* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 11/20/2024) |
| 11/21/2024 | 133 | ORDER denying 132 Motion to Extend Discovery Deadline. Plaintiff requests a 60–day extension of the discovery deadline to conduct additional discovery. The Court previously ordered that discovery was to be completed by October 31, 2024, and was limited to the deposition of Plaintiff, the deposition of Lisa Clark, and the deposition of HCA Healthcare's corporate representative. *See* Doc. 98. No written discovery and no additional depositions were permitted. Plaintiff now files this motion 3 weeks after the discovery deadline and seeks to expand the scope of discovery. Motions for an extension of time must be filed as soon as practicable and in no event less than 3 days before the specified time. D. Kan. Rule 6.1(a). Plaintiff's motion is untimely and seeks to expand the scope of discovery beyond prior court orders. The motion is thus denied. This order will not impact the briefing on Plaintiff's pending motion to compel. All deadlines set forth in the first revised scheduling order remain unchanged. Signed by Magistrate Judge Brooks G. Severson on 11/21/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 11/21/2024) |
| 12/04/2024 | 134 | |

| | | |
|---|---|---|
| | | MEMORANDUM IN OPPOSITION by Defendants Wesley Medical Center, LLC, HCA Healthcare, Inc. re 1 MOTION to Compel *Further Responses and Production of Document from Lisa Clark and HCA Corporate Representative Deposition* (Davis, Timothy) (Entered: 12/04/2024) |
| 12/17/2024 | 135 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: FINAL PRETRIAL CONFERENCE held on 12/17/2024. (Recorded from 2:00 PM – 3:43 PM) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 12/17/2024) |
| 12/17/2024 | 136 | ORDER: The parties are directed to submit a revised pretrial order by 12/27/2024. Signed by Magistrate Judge Brooks G. Severson on 12/17/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 12/17/2024) |
| 12/17/2024 | 137 | ORDER denying 131 Motion to Compel. The motion is denied for the reasons stated on the record during the December 17, 2024 pretrial conference. Signed by Magistrate Judge Brooks G. Severson on 12/17/2024. (This a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 12/17/2024) |
| 12/23/2024 | 138 | MOTION for extension of time *to turn in the Proposed Pre–Trial Order* by Plaintiff William Oscar Ward (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Ex)(Ward, William) (Entered: 12/23/202 |
| 12/26/2024 | 139 | ORDER denying 138 Motion for Extension of Time. Plaintiff filed a motion requesting additional time to subr a revised pretrial order to Chambers. The Court has reviewed the motion and finds that Plaintiff has not established good cause for the requested extension. On December 17, 2024, the Court held an in–person pretri conference with the parties. The Court provided the parties with specific directives contained within the draft pretrial order. That draft was emailed back to the parties on December 18, 2024. The parties were requested to make minimal modifications to the draft pretrial order so the Court could finalize the order for filing. The deadline for the parties to submit a revised order is December 27, 2024. Plaintiff's motion does not provide goo cause to further delay the submission. The motion is thus denied. Signed by Magistrate Judge Brooks G. Sever on 12/26/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 12/26/2024) |
| 12/27/2024 | 140 | MOTION for Reconsideration re 137 Order on Motion to Compel, by Plaintiff William Oscar Ward (referred t Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 12/27/2024) |
| 12/27/2024 | 141 | MOTION for Reconsideration re 139 Order on Motion for Extension of Time,,,, by Plaintiff William Oscar Wa (referred to Magistrate Judge Brooks G. Severson) (Ward, William) (Entered: 12/27/2024) |
| 12/27/2024 | 142 | MEMORANDUM AND ORDER denying 140 , 141 Plaintiff's Motions for Reconsideration. It is further order that the parties have until December 31, 2024, at 12:00p.m. to submit their revised pretrial order. Signed by Magistrate Judge Brooks G. Severson on 12/27/2024. (sz) (Entered: 12/27/2024) |
| 12/30/2024 | 143 | Objection to Order of Magistrate Judge re 142 Order on Motion for Reconsideration,,, by Plaintiff William Os Ward(Ward, William) (Entered: 12/30/2024) |
| 01/02/2025 | 144 | PRETRIAL ORDER ENTERED Dispositive motion deadline 1/14/2025. Jury Trial set for 9/8/2025 at 09:00 A in Wichita Courtroom (Unknown) before District Judge Holly L. Teeter. Estimated trial time 5 days. Signed by Magistrate Judge Brooks G. Severson on 1/2/2025. (sz) (Entered: 01/02/2025) |
| 01/09/2025 | 145 | MOTION for extension of time *Joint Motion for Extension of Dispositive Motion Deadline* by Plaintiff Willia Oscar Ward (Ward, William) (Entered: 01/09/2025) |
| 01/09/2025 | 146 | MOTION to Modify *(AMENDED) Objection to Judge's Order Denying Motion for Reconsideration (Doc. 143* by Plaintiff William Oscar Ward (Ward, William) (Entered: 01/09/2025) |
| 01/10/2025 | 147 | ORDER granting 145 Motion for Extension of Time to File Dispositive Motions. Dispositive motion deadline on or before 1/31/2025. Signed by District Judge Holly L. Teeter on 1/10/2025. (This is a TEXT ENTRY ONL There is no.pdf document associated with this entry.) (md) (Entered: 01/10/2025) |

| 01/27/2025 | 148 | MOTION for extension of time *of Dispositive Deadline* by Plaintiff William Oscar Ward (Attachments: # 1 Exhibit, # 2 Exhibit)(Ward, William) (Entered: 01/27/2025) |
|---|---|---|
| 01/28/2025 | 149 | Order granting in part 148 Motion for Extension of Time. Plaintiff asks the Court to extend the January 31, 20? dispositive motion deadline until April 1, 2025. He contends the extension is necessary because he has a pendi objection to the magistrate judge's order. The Court grants the motion and will vacate the January 31 deadline. The Court will reset the deadline once it rules on the objection. For planning purposes, if the objection is overruled, the Court will likely set the deadline 10 days after its order issues. If the objection is sustained, the Court will set a reasonable deadline to account for any needed discovery. Signed by District Judge Holly L. Teeter on 1/28/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 01/28/2025) |
| 02/05/2025 | 150 | ORDER overruling Plaintiff's Amended Objection to Judge's Order Denying Motion for Reconsideration 146 . Plaintiff's original objection 143 is overruled as moot. The Court order that dispositive motions are due by February 18, 2025. The Court is unlikely to grant any further extension of this deadline. Signed by District Jud Holly L. Teeter on 2/5/2025. (md) (Entered: 02/05/2025) |
| 02/14/2025 | 151 | MOTION for Reconsideration *of the Judges Order of the Plaintiffs Objection to the Motion for Reconsideratio of the Motion to Compel (Doc No 150)* by Plaintiff William Oscar Ward (Attachments: # 1 Exhibit, # 2 Exhibi 3 Exhibit, # 4 Exhibit)(Ward, William) (Entered: 02/14/2025) |
| 02/14/2025 | 152 | MOTION for extension of time *of the Dispositive Motion Deadline* by Plaintiff William Oscar Ward (Ward, William) (Entered: 02/14/2025) |
| 02/18/2025 | 153 | ORDER denying Plaintiff's 151 Motion for Reconsideration. The Court grants in part Plaintiff's 152 Motion fo Extension of Time to File dispositive motions. Dispositive motions are due by February 24, 2025. The Court is unlikely to grant any further extension of this deadline. Any discovery–related motion filed by Plaintiff will no warrant extension of this deadline. To be excessively clear, the filing of a motion does not extend this deadline only a Court order will extend this deadline. Signed by District Judge Holly L. Teeter on 2/18/2025. (md) (Entered: 02/18/2025) |
| 02/20/2025 | 154 | MOTION for Leave to file TO EXCEED PAGE LIMIT FOR SUMMARY JUDGMENT BRIEF by Plaintiff William Oscar Ward (Ward, William) (Entered: 02/20/2025) |
| 02/21/2025 | 155 | ORDER granting in part 154 Motion for Leave to Exceed Page Limit for Summary Judgment Brief. The Court grants both parties an additional 10 pages for their summary–judgment motions, for an all–in total page limit c 50 pages. Under D. Kan. Rule 7.1(d)(2), response briefs are limited to 40 pages, and replies are limited to 15 pages. Signed by District Judge Holly L. Teeter on 2/21/2025. (This is a TEXT ENTRY ONLY. There is no.p document associated with this entry.) (md) (Entered: 02/21/2025) |
| 02/24/2025 | 156 | MOTION for Summary Judgment *and Suggestions in Support* by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC (Attachments: # 1 Ex. A, # 2 Ex. B, # 3 Ex. C, # 4 Ex. D, # 5 Ex. E, # 6 Ex. F, # 7 Ex. G 8 Ex. H, # 9 Ex. I, # 10 Ex. J, # 11 Ex. K, # 12 Ex. L, # 13 Ex. M, # 14 Ex. N)(Davis, Timothy) (Entered: 02/24/2025) |
| 02/24/2025 | 157 | MOTION for Summary Judgment by Plaintiff William Oscar Ward (Ward, William) (Entered: 02/24/2025) |
| 02/25/2025 | 158 | EXHIBIT(S) IN SUPPORT of 157 MOTION for Summary Judgment by Plaintiff William Oscar Ward (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhi G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, 15 Exhibit P, # 16 Exhibit Q, # 17 Exhibit R, # 18 Exhibit S, # 19 Exhibit T, # 20 Exhibit U, # 21 Exhibit V, # Exhibit W, # 23 Exhibit X, # 24 Exhibit Y, # 25 Exhibit Z, # 26 Exhibit AA, # 27 Exhibit BB, # 28 Exhibit CC 29 Exhibit DD, # 30 Exhibit EE, # 31 Exhibit FF, # 32 Exhibit GG, # 33 Exhibit HH, # 34 Exhibit KK, # 35 Exhibit LL, # 36 Exhibit MM, # 37 Exhibit NN, # 38 Exhibit OO, # 39 Exhibit PP, # 40 Exhibit QQ, # 41 Exh RR, # 42 Exhibit O, # 43 Exhibit Table of Content)(Ward, William) (Entered: 02/25/2025) |

| 02/25/2025 | 159 | NOTICE TO PRO SE LITIGANT WHO OPPOSES A MOTION FOR SUMMARY JUDGMENT by HCA Healthcare, Inc., Wesley Medical Center, LLC re 156 MOTION for Summary Judgment *and Suggestions in Support* (Attachments: # 1 Federal Rule 56, # 2 D. Kan. Rule 56.1)(Davis, Timothy) (Entered: 02/25/2025) |
|---|---|---|
| 02/27/2025 | 160 | MOTION for Leave to Accept Late Filing by Plaintiff William Oscar Ward. (Attachments: # 1 Exhibit Son's Medical Documentation)(Ward, William) (Entered: 02/27/2025) |
| 02/27/2025 | 161 | ORDER granting 160 Motion for Leave to Accept Late Filing. The Court accepts the filing of Plaintiff's exhibit (Doc. 158) and will consider them in deciding his summary–judgment motion. Signed by District Judge Holly Teeter on 2/27/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 02/27/2025) |
| 03/10/2025 | 162 | (STRICKEN Per Doc. 168 ORDER) RESPONSE by Plaintiff William Oscar Ward re 156 Motion for Summary Judgment, *by the Defense* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit # 6 Exhibit F, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N, # 14 Exhibit O, # 15 Exhibit P, # 16 Exhibit Q, # 17 Exhibit R, # 18 Exhibit S, # 19 Exhibit T, # 20 Exhibit U)(Ward, William) (mls). (Entered: 03/10/2025) |
| 03/13/2025 | 163 | MOTION for Extension of Time to File Response as to 157 MOTION for Summary Judgment by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC (Davis, Timothy) (Entered: 03/13/2025) |
| 03/14/2025 | 164 | ORDER granting 163 Defendants' Motion for Extension of Time to File a Response to 157 Plaintiff's Motion f Summary Judgment. Defendants timely request a reasonable extension of four days. They have shown good cause for the short extension and the Court finds that Plaintiff will not suffer prejudice. Response deadline 3/21/2025. Signed by District Judge Holly L. Teeter on 3/14/25. (This is a TEXT ENTRY ONLY. There is no. document associated with this entry.) (ct) (Entered: 03/14/2025) |
| 03/17/2025 | 165 | Amended Response to 156 Motion for Summary Judgement by Plaintiff William Oscar Ward (Attachments: # Ex A, # 2 Ex B, # 3 Ex C, # 4 Ex D, # 5 Ex E, # 6 Ex F, # 7 Ex G, # 8 Ex H, # 9 Ex I, # 10 Ex J, # 11 Ex K, # Ex L, # 13 Ex M, # 14 Ex N, # 15 Ex O, # 16 Ex P, # 17 Ex Q, # 18 Ex R, # 19 Ex S, # 20 Ex T)(Ward, Willia Modified on 3/20/2025 to update docket text to match document (kas). (Entered: 03/17/2025) |
| 03/18/2025 | 166 | ORDER denying 165 Motion to Amend/Correct and striking Plaintiff's Amended Response to Defendants' Motion for Summary Judgment (Doc. 165). Plaintiff filed a response to Defendants' summary–judgment motic on March 10. Doc. 162. A week later, Plaintiff filed an ostensible motion to amend, which is just an amended version of his response brief. The only explanation for the amended response is that it "is intended to clarify an supplement the arguments and evidence presented in the original filing." Doc. 165 at 1. Plaintiff has not identif what changes were made or even tried to explain why he should be allowed to file a new response. Pleadings, motions, responses, and replies are not moving targets and cannot be summarily changed after filing. Doing so creates confusion and unnecessarily wastes judicial resources and the resources of the other party. Accordingly the motion to amend/correct is denied and the Court strikes Plaintiff's amended response. Plaintiff's original response brief (Doc. 162) stands. Signed by District Judge Holly L. Teeter on 3/18/2025. (This is a TEXT ENTRY ONL There is no.pdf document associated with this entry.) (md) (Entered: 03/18/2025) |
| 03/18/2025 | 167 | MOTION for Reconsideration re 166 Order on Motion to Amend/Correct,,,, *Plaintiffs Response to the Defendants Motion for Summary Judgement* by Plaintiff William Oscar Ward (Attachments: # 1 Exhibit A)(Ward, William) (Entered: 03/18/2025) |
| 03/19/2025 | 168 | ORDER granting 167 Motion for Reconsideration. Plaintiff summarily amended his response to Defendants' summary judgment motion without leave of court and without explanation, which was improper. The Court struck the response. Plaintiff now moves for reconsideration on grounds of clear error or the need to prevent manifest injustice. While any error is Plaintiff's alone, the Court will reconsider its order and allow the respons brief filed at Doc. 165 to stand. The document filed at Doc. 165 shall stand as Plaintiff's response to Defendant motion. The Court strikes Plaintiff's response at Doc. 162, and it will not be considered. Defendants are permit 14 days from today, or until April 2, to file a reply. The Court notes that Plaintiff, who proceeds pro se, has bee |

| | | given considerable leeway throughout this entire litigation. But Plaintiff is cautioned that his pro se status does not relieve him of his obligation to follow the rules of this court. Plaintiff is admonished that any future filings timely, be in their final form, and comply with all other procedural rules. Failure to do so may result in the Cou summarily striking those filings. Signed by District Judge Holly L. Teeter on 3/19/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 03/19/2025) |
|---|---|---|
| 03/21/2025 | 169 | MEMORANDUM IN OPPOSITION by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC re 1 MOTION for Summary Judgment (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Davis, Timothy) (Entered: 03/21/2025) |
| 04/02/2025 | 170 | REPLY TO RESPONSE TO MOTION by Defendants HCA Healthcare, Inc., Wesley Medical Center, LLC re 156 Motion for Summary Judgment. (Attachments: # 1 Exhibit A)(Davis, Timothy) Modified on 4/3/2025 to re-link. (mam) (Entered: 04/02/2025) |
| 04/04/2025 | 171 | REPLY TO RESPONSE TO MOTION by Plaintiff William Oscar Ward re 157 Motion for Summary Judgmen (Attachments: # 1 Ex A, # 2 Ex AAA, # 3 Ex BB, # 4 Ex BBB, # 5 Ex C, # 6 Ex CC, # 7 Ex CCC, # 8 Ex D, # Ex DD, # 10 Ex DDD, # 11 Ex E, # 12 Ex EE, # 13 Ex EEE, # 14 Ex F, # 15 Ex FF, # 16 Ex FFF, # 17 Ex G, # 18 Ex GGG, # 19 Ex H, # 20 Ex HH, # 21 Ex HHH, # 22 Ex I, # 23 Ex J, # 24 Ex K, # 25 Ex KK, # 26 Ex L, # 27 Ex LL, # 28 Ex M, # 29 Ex MM, # 30 Ex N, # 31 Ex O, # 32 Ex P, # 33 Ex Q, # 34 Ex R, # 35 Ex S, # 36 E SS, # 37 Ex T, # 38 Ex TT, # 39 Ex U, # 40 Ex UU, # 41 Ex V, # 42 Ex VV, # 43 Ex W, # 44 Ex WW, # 45 E X, # 46 Ex XX, # 47 Ex ZZ)(Ward, William) (Entered: 04/04/2025) |
| 04/04/2025 | 172 | MOTION for Leave to file a Sur-reply to Defedants Brief Reply (ECF 170 ) by Plaintiff William Oscar Ward. (Ward, William) (Entered: 04/04/2025) |
| 05/20/2025 | 173 | MEMORANDUM AND ORDER. Defendants' 156 motion for summary judgment is granted and Plaintiff's 15 cross-motion is denied. Plaintiff's time to appeal (thirty days) begins to run on the day judgment is entered. Fe R. App. P. 4. The case is closed. The Court further orders that Plaintiff's 172 motion for leave to file a surreply denied. Signed by District Judge Holly L. Teeter on 05/19/2025. (kmc) (Entered: 05/20/2025) |
| 05/20/2025 | 174 | JUDGMENT. Pursuant to the 173 Memorandum and Order, judgment is entered in favor of Defendants Wesle Medical Center, LLC and HCA Healthcare, Inc. This case is closed. Signed by deputy clerk on 05/19/2025. (kn (Entered: 05/20/2025) |
| 06/18/2025 | 175 | NOTICE OF APPEAL as to 173 Memorandum and Order and 174 Judgment by Plaintiff William Oscar Ward (mls) (Entered: 06/18/2025) |
| 06/18/2025 | 176 | **(NOTE: Access to document is restricted pursuant to the Courts privacy policy.)**<br><br>MOTION for Leave to Appeal in forma pauperis by Plaintiff William Oscar Ward (Attachments: # 1 Affidavit (mls) (Entered: 06/18/2025) |
| 06/18/2025 | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal 175 (THIS IS A TEXT ONLY ENTRY-NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION). (mls) (Entered: 06/18/2025) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WILLIAM OSCAR WARD,** | **)** |
| | **)** |
| **Plaintiff,** | **)** |
| | **)** |
| **v.** | **) Case No. 6:23-cv-1091-HLT-BGS** |
| | **)** |
| **WESLEY MEDICAL CENTER, LLC, and** | **)** |
| **HCA HEALTHCARE, INC.,** | **)** |
| | **)** |
| **Defendants.** | **)** |

## <u>NOTICE OF APPEAL</u>

Plaintiff, William Oscar Ward, hereby gives notice of appeal from the final judgment entered in

this action and from the Court's order entered on May 20, 2025, which denied Plaintiff's motion

for summary judgment and granted Defendants' motion for summary judgment (ECF No. 173).

This Notice of Appeal is being filed in accordance with the applicable rules governing appeals

from United States District Courts

Dated: June 18, 2025.

By: /s/ *William O. Ward*
William O. Ward
928. E. 52nd St S.
Wichita, KS 67216
(316) 293-9713
Woward1986@yahoo.com
PRO SE PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM OSCAR WARD,

     Plaintiff,

     v.

WESLEY MEDICAL CENTER, LLC
and HCA HEALTHCARE, INC.,

     Defendants.

Case No. 6:23-cv-01091-HLT

## <u>MEMORANDUM AND ORDER</u>

This is an employment dispute between Plaintiff William Oscar Ward and his former employer, Defendant Wesley Medical Center, LLC. The triggering event seems to be Plaintiff's invention of a workplace tool to clean sprinkler heads. Plaintiff alleges that others tried to steal credit for his invention.[1] Plaintiff's ensuing treatment exacerbated his anxiety. Plaintiff took medical leave approved under the Family and Medical Leave Act (FMLA) and never returned to the workplace.

Plaintiff filed this action pro se[2] against his former employer (Wesley) and Wesley's holding company (HCA Healthcare, Inc.).[3] He asserts claims for disability-based harassment and retaliation. He also asserts a claim under the FMLA for retaliation and "enforcement."

---

[1] Plaintiff indicates that he wants to preserve any claim for misappropriation of intellectual property and conversion in a separate legal action. <u>Doc. 157 at 45</u>. Patent law is beyond the scope of this Memorandum and Order.

[2] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

[3] This Memorandum and Order often refers to Wesley as the defendant, although both Wesley and HCA are named. Plaintiff extensively argues that HCA is responsible for any adverse action taken against him. The nature of the entities' relationship also seems to be at the heart of discovery disputes in the case. *See, e.g.*, Docs. 131, 157 at 45-47. Nevertheless, the Court does not need to address the entities' relationship because no reasonable jury could find for Plaintiff on his claims.

The parties filed cross-motions for summary judgment. Docs. 156, 157. The Court grants Defendants' motion and denies Plaintiff's motion because no reasonable jury could find a causal connection between Plaintiff's anxiety or protected medical leave and a hostile work environment or his termination. There are other problems with Plaintiff's claims, but the lack of a causal connection is one dispositive flaw that impacts everything.

## I.   BACKGROUND[4]

Wesley hired Plaintiff as a Maintenance Mechanic in March 2020. Wesley is a hospital in Wichita, Kansas. HCA is a holding company. Its affiliates own and operate hospitals, including Wesley.

Lisa Clark was Wesley's Vice President of Human Resources. Brian Leabo was the Director of Facilities Management. Darrell Boger was a Refrigeration Tech.

Plaintiff claims that he invented a device to clean sprinkler heads at work. But he believes that Leabo and Boger failed to recognize his invention or give him proper credit. Plaintiff filed a series of complaints relating to this dispute in March 2021:

- <u>March 17, 2021</u>: Plaintiff complained to Wesley's Human Resources Business Partner Amanda Miller that another employee was trying to take credit for his invention.

- <u>March 22, 2021</u>: Plaintiff made a similar complaint to Clark.

- <u>March 19 and 25, 2021</u>: Plaintiff complained to Leabo's supervisor, Shane Wanner, about another employee trying to steal credit for his invention.

---

[4]   A court views each motion separately in a light most favorable to the non-moving party when parties file cross-motions for summary judgment. *United States v. Sup. Ct. of N.M.*, <u>839 F.3d 888, 906-07</u> (10th Cir. 2016). With this standard in mind, the following facts are uncontroverted. Plaintiff failed to properly controvert any of Defendants' proposed facts. He was instructed how to do so via the required notice filed by Defendants when they filed their summary-judgment motion. <u>Doc. 159</u>. Defendants' facts are deemed admitted. And Plaintiff failed to properly support any of his own proposed facts (other than those stipulated in the pretrial order) until the reply brief to his own motion. The Court addresses the impact of Plaintiff's omissions in Section III.B. of this Memorandum and Order. Needless to say, the stipulated facts in the pretrial order are not enough to carry his summary-judgment burden for his claims.

- <u>March 31, 2021</u>: Plaintiff called two Ethics & Compliance Case Managers to report the same thing about his invention. Wesley investigated but could not substantiate improper conduct.

Plaintiff also alleges that someone tampered with his belongings in late March/early April 2021, when his manager cut the lock off Plaintiff's personal cabinet.

Plaintiff first sought medical care for anxiety on April 15, 2021. He contacted Wesley's third-party leave administrator Time Away From Work (TAFW) on April 19, 2021.

Plaintiff requested leave from April 12 through April 20. TAFW approved the request. Plaintiff then requested and received an extension of leave through May 2. Plaintiff's provider stated Plaintiff was able to return to work on May 3. But Plaintiff did not return on May 3. Clark emailed Plaintiff on May 5 and requested that he report to Human Resources for a meeting. Clark emailed Plaintiff again on May 7, requesting that he meet with her at 7:00 a.m. on May 10. She stated that failure to report to this meeting would be considered separation of employment. Plaintiff responded that same day, advising Clark that his new return-to-work date was May 24. Also on May 7, Plaintiff's therapist submitted documents to TAFW in support of Plaintiff's leave request from April 22 through May 23. TAFW received documentation dated May 7 on May 10, requesting a new return-to-work date of May 24.

Clark emailed Plaintiff again on May 12 to advise him that she had not received documentation supporting leave beyond May 3.[5] She requested that Plaintiff meet with her on May 14, stating:

> I am giving you one final opportunity to report for a meeting with me, Brian, and Jeff to discuss the events of April. Your early departure is not the only topic we need to cover. Please report to

---

[5]  Plaintiff suggests that company policy imposed no obligation on him to respond to Clark about his leave. Regardless of whether Plaintiff should have communicated with Clark, Plaintiff presents no evidence that he communicated with <u>anyone</u> other than TAFW about when or whether he would return to work. He also presents no evidence that TAFW was solely responsible for communicating with Clark about Plaintiff's leave status.

Human Resources on May 14, 2021, at 7:00 a.m. Failure to report
to this meeting will result in your termination.

Doc. 144 at 4.  Plaintiff did not meet with Clark on May 14. Clark did not communicate further

with Plaintiff until July 7. She emailed Plaintiff's supervisors on June 18 to advise them that

Plaintiff would likely remain on protected leave until July 5, when he would exhaust his FMLA

leave. No one at Wesley told Plaintiff that his employment was terminated before July 15, 2021.

Plaintiff continued to communicate with TAFW about his requested leave extension

through the month of May 2021. Plaintiff told TAFW on May 24 that his therapist was completing

a new form covering the extension from May 3 through May 24. Plaintiff's therapist advised

TAFW that she was only certifying Plaintiff for FMLA leave, and that she did not sign off on

Plaintiff's short-term disability paperwork. TAFW approved Plaintiff's leave extension on May

26. TAFW advised Plaintiff in its letter approving the leave, "If your leave request is for your

serious health condition and you would like to discuss an accommodation in addition to this request

for leave, please contact your facility's Human Resource department as soon as possible." Doc.

156-10 at 3. Plaintiff did not contact Human Resources or return to work on May 24 or after.

Plaintiff ultimately received all the FMLA leave he requested (and more).

Clark emailed Plaintiff on July 7, which was twelve weeks after Plaintiff began his leave.

She instructed him to contact her by July 12 to discuss his employment. Clark also told Plaintiff

that she would move forward with administratively separating Plaintiff's employment if she did

not hear from him. Plaintiff did not contact Clark. Clark emailed the HR Liaison for TAFW stating,

"Can you confirm that William Ward has not reached out or created another claim? We are looking

at terminating him since he is no longer on a protected leave." Doc. 144 at 4. Clark terminated

Plaintiff's employment effective July 15, 2021, for job abandonment. She advised Plaintiff of his

termination by email.

4

## II.      STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Courts applying this standard view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted).

## III.     PRELIMINARY MATTERS

The Court addresses several preliminary matters before turning to the merits. First, the claims identified in the pretrial order are not the same claims Plaintiff briefs on summary judgment. Second, Plaintiff failed to follow the federal rules and the District of Kansas local rules when briefing. Third, Plaintiff requests leave to file a surreply but does not show why one is necessary.

### A.        Scope of Claims

The first matter is the scope of Plaintiff's claims. Plaintiff identifies four claims in the pretrial order:

> i.   Count I: Disability Discrimination – Plaintiff was harassed based upon his disability or medical condition.
> ii.  Count II: Disability Retaliation – Plaintiff's employment was adversely impacted based upon his disability or medical condition.
> iii. Count III: FMLA Enforcement – Plaintiff's employment was adversely affected by his requests for leave.
> iv.  Count IV: FMLA Retaliation – Plaintiff was terminated based upon his attempts to invoke his rights under the FMLA.

Doc. 144 at 12. Plaintiff's briefing discusses two additional purported claims—one for failure to accommodate and one for FMLA interference. But these two claims are not delineated in the pretrial order. The pretrial order completely omits any reference to a disability accommodation or interference with FMLA leave. These are distinct claims that Plaintiff should have identified if he wanted to pursue them.

The pretrial order controls the proceedings. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1220 (10th Cir. 2000). Courts have discretion whether to exclude issues and claims not included in the pretrial order. *Hullman v. Bd. of Trs. of Pratt Cmty. Coll.*, 950 F.2d 665, 667 (10th Cir. 1991). "A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment." *Id.* Any "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

Judges in the District of Kansas have repeatedly emphasized the importance of the pretrial order. *See, e.g.*, *Moral v. Hagen*, 2013 WL 1660484, at *7-8 (D. Kan. 2013). The Court utilizes the pretrial order to "immobilize the target" for trial. *Id.*; *see also Fid. & Deposit Co. of Md. v. Hartford Cas. Ins. Co.*, 189 F. Supp. 2d 1212, 1222 (D. Kan. 2002). And the District of Kansas pretrial-order form reminds litigants of the form's importance. It states: "It's essential that each party's factual contentions, legal claims, and defenses be clearly stated." *Pretrial Order Form*, D. Kan., 1 (Dec. 29, 2022), https://ksd.uscourts.gov/civil-forms. Courts rely on the pretrial order heavily to prepare for the final stages of a case.

The Court's review of the dispositive motions at issue was complicated by the differences between the pretrial order and Plaintiff's briefing. Plaintiff may view the Court's emphasis on the verbiage of the pretrial order as overly technical and inflexible. But the pretrial order serves a

significant purpose for the Court and opposing counsel. The form must clearly define the bounds of the claims at issue; otherwise, its value is severely diminished.

The Court recognizes it has discretion whether to construe the pretrial order liberally and broadly. And it ordinarily should. *See Koch*, 203 F.3d at 1220-21. But doing so here would serve injustice to Defendants, who relied on Plaintiff's claims as set forth in the pretrial order to formulate their briefing. Plaintiff identified four claims and gave a brief description for each of them. He also detailed his factual contentions. But nothing in the pretrial order (even liberally construed) notified Defendants or the Court that he meant to include an ADA failure-to-accommodate claim or an FMLA interference claim.

The Court limits the scope of Plaintiff's claims to the four claims in the pretrial order (which, in actuality, are only three claims because Plaintiff's "FMLA enforcement" claim is merely another way to allege that Wesley retaliated against him for requesting and taking leave).[6]

### B.    Rules Governing Briefing

The second matter relates to what facts are considered uncontroverted. Plaintiff's response brief to Defendants' summary-judgment motion does not comply with the federal or local rules. Plaintiff did not properly respond to Defendants' statement of facts as required by Fed. R. Civ. P. 56(c) and D. Kan. Rule 56.1(b)(1). Relatedly, he did not set out separately numbered additional material facts and support them as required by Fed. R. Civ. P. 56(c) and D. Kan. Rule 56.1(b)(2).

---

[6]    It would not matter if the Court addressed Plaintiff's two additional purported claims on the merits. A claim for failure to accommodate requires that a plaintiff requested a "plausibly reasonable accommodation." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017). Plaintiff has presented no evidence suggesting that he requested an accommodation at all. A claim for FMLA interference requires that the employer took an adverse action that interfered with the employee's right to take FMLA leave. *Sabourin v. Univ. of Utah*, 676 F.3d 950, 958 (10th Cir. 2012). But Plaintiff admitted in his deposition that he was not denied leave and received all the FMLA leave he requested. Doc. 156-1 at 17. He therefore is missing at least one element of an interference claim. *Valdez v. McGill*, 462 F. App'x 814, 820 (10th Cir. 2012) ("[The defendant] provided him with the leave to which he was (or may have been) entitled. Thus, there was no interference or retaliation with [the plaintiff's] requesting or taking of FMLA leave."). The summary-judgment outcome of these claims would be the same, regardless of whether the Court considered their merits.

Plaintiff's pro se status does not excuse his noncompliance, especially because Defendants complied with D. Kan. Rule 56.1(f) and sent Plaintiff the required notice for motions for summary judgment. Doc. 159. Thus, the Court deems Defendants' facts admitted and disregards Plaintiff's factual contentions (unless the factual contention is a stipulated fact in the pretrial order). *Canady v. Gen. Motors Corp.*, 368 F. Supp. 2d 1151, 1155 (D. Kan. 2004). On the properly supported record that is not genuinely disputed, Plaintiff fails to show a triable issue of fact for a jury to resolve (entitling Defendants to summary judgment) and fails to show that no reasonable jury could find for Defendants (warranting denial of his motion).

Plaintiff tried to correct this omission in his reply brief to his own summary-judgment motion. He reattached many exhibits to his reply brief and attached new ones. He also set forth a section titled "Concise Statement of Facts," consisting of a numbered list of facts with citations. Doc. 171 at 2-9. The problem with Plaintiff's effort is it comes too late. The reply brief is not the time for identifying a numbered list of uncontroverted facts. This would allow parties to sandbag, saving their critical evidence until after the opposing party has shown its hand. This turns the briefing procedure on its head. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (observing that "[l]oading-up on a reply brief effectively results in a one-sided presentation, which is hopelessly inconsistent with the very premise on which the adversary system is based," is "unfair to one's opponent," and "adversely affects the accuracy of the judicial process, which depends on comprehensive presentations by both sides"). The Court does not consider the new evidence cited with particularity in Plaintiff's reply brief.[7]

---

[7]    Even if the Court were to consider Plaintiff's evidence cited with particularity, it does not change the outcome. Much of new evidence relates to Plaintiff's contention that Clark terminated his employment on May 14. Plaintiff's argument on this issue is somewhat confusing. Wesley presents evidence that Plaintiff's termination date was July 15, 2021. Plaintiff even cites July 15 as his termination date in one place. Doc. 157 at 18 ("Plaintiff was terminated on July 15, 2021, for alleged job abandonment . . . ."). But elsewhere, Plaintiff argues that Clark actually terminated him on May 14, when he did not attend a meeting with her. But Plaintiff's only evidence supporting this termination date is an unemployment appeals decision that concluded Plaintiff was terminated on May 14. Wesley did not

### C.    Appropriateness of Surreply

The third matter is Plaintiff's request for leave to file a surreply to Defendants' reply brief to their summary-judgment motion. Doc. 172. Plaintiff claims Defendants raise new issues in their reply brief to their own summary-judgment motion. But Plaintiff did not attach a proposed surreply to his motion, which is required by local rule. D. Kan. R. 15.1. Even if the Court were to consider Plaintiff's deficient filing, the Court would still deny Plaintiff's motion on the merits. This District's local rules generally "do not provide for the filing of surreplies," but leave to file a surreply may be appropriate "where a movant improperly raises new arguments in a reply." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997) (internal quotations omitted). The Court carefully analyzed Defendants' reply brief. Defendants did not improperly raise new issues or argument in it. Defendants' arguments are in direct response to matters raised and briefed by Plaintiff. There is no justification to allow a surreply. The Court decides the motions on the briefing before it.

### IV.    ANALYSIS

Plaintiff brings four claims, but the Court analyzes them as three claims requiring two different analyses: (1) disability discrimination based on harassment (hostile work environment) and (2) disability and FMLA retaliation.[8] No reasonable jury could find for Plaintiff on these

---

appear for the unemployment appeal hearing, which was held September 1, 2021. The May 14 date was therefore based on information Plaintiff himself gave to the Kansas Department of Labor. It does not create a genuine issue of material fact about the date Plaintiff was terminated. Neither would an earlier termination date change the outcome here. Plaintiff still lacks evidence suggesting that his termination was because of his leave requests or disability.

[8]    Plaintiff names both an FMLA retaliation count and an FMLA enforcement count in the pretrial order. It seems these counts are essentially the same: Plaintiff claims that Wesley mistreated him and terminated his employment because he requested FMLA leave. To the extent that Plaintiff attempts to pursue a claim for FMLA interference via his "FMLA enforcement" claim, such effort is futile. Plaintiff admits he was granted all leave he requested. There is nothing in the record suggesting that Welsey provided a powerful disincentive for taking leave. *See Howard v. Millard Refrigerated Servs., Inc.*, 505 F. Supp. 2d 867, 881-82 (D. Kan. 2007). As the Court already noted, this precludes an interference claim.

claims, primarily because he has presented no evidence that his anxiety disorder or leave requests were the reason he suffered any mistreatment. Instead, it seems that the root of Plaintiff's problems was his invention of a sprinkler head cleaner, which led to his challenges in the workplace and exacerbated his pre-existing anxiety.

## A.     Disability Discrimination Based on Harassment

Plaintiff claims that he was subjected to harassment, or a hostile work environment, in violation of the Americans with Disabilities Act ("ADA").[9] The Court briefly discusses the requirements for a hostile-work-environment claim and why no reasonable jury could find that Plaintiff has established it.

A hostile work environment exists where a plaintiff (1) was discriminated against because of his disability, and (2) the discrimination was sufficiently severe or pervasive that it altered the terms or conditions of employment. *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021) (outlining the elements for a sexual harassment claim). A series of separate acts can collectively constitute a hostile work environment. *Id.*

A hostile work environment claim requires "facts sufficient to show that the work environment 'is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Brown v. LaFerry's LP Gas Co.*, 708 F. App'x 518, 520 (10th Cir. 2017) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). There must be facts showing that the work environment is both subjectively and objectively hostile. *Id.* "[Run-of-the-mill] boorish, juvenile, or annoying behavior" is not sufficient, nor are a few isolated incidents. *Throupe*, 988

---

[9]     The governing law is now the ADA Amendments Act of 2008 ("ADAAA"). The Court applies the amended law and regulations. But the Court continues to use the term "ADA" for ease of reference.

F.3d at 1252 (internal quotation and citation omitted). Where "none of the acts [a plaintiff] complains of, either considered alone or in combination, can be said to have altered the conditions of employment such that the atmosphere was abusive . . . . dismissal for failure to state claim is proper." *Chand v. Braithwaite*, 2020 WL 9209284, at *2 (D.S.C. 2020). "[E]ven incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life." *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012) (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008)).

The first problem with Plaintiff's harassment/hostile work environment claim is the causation element. Plaintiff repeatedly argues that he shows a connection between his anxiety disorder (disability) and a hostile work environment because the harassment and hostile environment "exacerbated Plaintiff's disability." *See, e.g.*, Doc. 157 at 2, 7, 8, 13, 15, 16, 24, 26, 35, & 43. The problem with Plaintiff's connection is it's backwards. A claim for a hostile work environment under the ADA must involve discrimination because of the disability. Plaintiff essentially argues disability because of the discrimination. Stated differently, Plaintiff argues that his disability is the damage he suffered because of discriminatory conduct. But not all discrimination is illegal under the ADA. The discrimination must be based on the disability. *See Austin v. Vilsack*, 2024 WL 4436599, at *3 (D. Kan. 2024) (noting that instances of harassment must be tied to the plaintiff's claim); *Melin v. Verizon Bus., Inc.*, 2014 WL 978813, at *4 (D. Kan. 2014) (noting that a "claim for a hostile working environment must ultimately relate back to his alleged disability).

But even if Plaintiff could get around the causation issue, he points to no evidence showing that the work environment was both subjectively and objectively hostile. At most, Plaintiff cites a

few isolated incidents that he complained about to management. He claims that he was told he would be recognized as a Facility All-Star because of his invention to clean sprinkler heads. But "shortly after this recognition, Plaintiff began experiencing harassment and intimidation in the workplace." Doc. 157 at 6. Plaintiff reported false claims of ownership of his invention and escalated his complaints, but Wesley failed to address Plaintiff's reports of harassment. *Id.* at 6-7. Plaintiff claims that Wesley's failure to take corrective action created a hostile working environment. *Id.* at 7. And Plaintiff claims that someone tampered with his personal belongings. These allegations fall short of conduct so pervasive or severe as to alter employment conditions. Even accepting that it impacted Plaintiff such that he needed to take medical leave, that does not automatically mean the conduct satisfies the standard of an objectively hostile working environment. Plaintiff may have been frustrated with management's reaction to his complaints. And he may have been distressed that others were trying to take credit for his invention. But he has presented no evidence rising to the level of an objectively and subjectively abusive working environment. No reasonable jury could find for Plaintiff on his disability harassment claim.

### B.    Retaliation (Disability-Based and FMLA-Based)

Plaintiff claims that his treatment and discharge were retaliatory based on his disability (anxiety disorder) and requests for FMLA leave. The Court addresses Plaintiff's disability- and FMLA-based retaliation claims together because the evidence is essentially the same for both. More precisely, the lack of evidence is the same for both. There is no evidence from which a reasonable jury could find that Plaintiff's treatment or termination was retaliatory because of his disability or FMLA leave.

Any evidence Plaintiff has in support of his retaliation claims is circumstantial. The Court therefore applies the *McDonnell Douglas*[10] standard to them. The *McDonnell Douglas* framework has three steps. First, a plaintiff must make a prima facie case. *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012). Second, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for its action. *Id*. Third, the burden shifts back to the plaintiff to show that the "legitimate" and "non-discriminatory" reasons the defendant offered were pretext for unlawful discrimination. *Id*. "[P]retext is shown by demonstrating such weaknesses, implausibilities, inconsistencies, and incoherencies in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007) (citation omitted). Typical methods are "direct evidence that the defendant's stated reason for the adverse employment action was false," and evidence of differential treatment from "other similarly situated employees who violated work rules of comparable seriousness." *Id*. at 1167-68 (citation omitted).

Plaintiff fails to establish a prima facie case for purposes of summary judgment. And even if he had, Wesley presents a legitimate, non-discriminatory reason for its actions. Plaintiff fails to establish a genuine issue of material fact whether Wesley's explanation is pretext for retaliatory conduct.

### 1.    Prima Facie Case.

To establish a prima facie case of ADA or FMLA retaliation, a plaintiff must show: (1) he engaged in a protected activity; (2) he was subjected to an employment action that a reasonable employee would find materially adverse; and (3) a causal connection between the two. *Edmonds-*

---

10  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Radford v. Sw. Airlines Co.*, 17 F.4th 975, 994 (10th Cir. 2021) (disability); *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006) (FMLA).

Both Plaintiff's retaliation claims suffer from the same causation problem discussed with his harassment claim. In addition to the reasons previously stated, Plaintiff also fails to show causation between his FMLA leave requests and his treatment or termination.

Plaintiff's termination constitutes an employment action that a reasonable employee would find materially adverse. But Clark waited a total of twelve weeks after his leave was first approved to terminate his employment. She then gave him one last chance to contact her. Plaintiff did not. For the last six weeks, Plaintiff had remained out of the office without having updated leave approval. No reasonable juror could conclude based on this evidence that Plaintiff was terminated for any reason other than job abandonment. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 878 (10th Cir. 2004) ("[Plaintiff's] request for an FMLA leave does not shelter [him] from the obligation, which is the same as that of any other [company] employee, to comply with [company] employment policies, including its absence policy.").

Plaintiff's "treatment" suffers another malady (in addition to lack of causation): no reasonable jury could find that it constituted an employment action that a reasonable employee would find materially adverse. Plaintiff expresses frustration that Clark contacted him during his leave. But she contacted him when his approved leave was exhausted and she was unaware of new paperwork being submitted. She sent three emails. And Plaintiff didn't respond to two of them. No reasonable jury could find three emails to be materially adverse. Plaintiff also complains that management ignored his complaints about his invention being stolen and that someone tampered with his personal items. These actions happened before Plaintiff even took leave. But even if they

continued during leave, they do not reach the level of materially adverse either alone or in combination. The Court does not address Plaintiff's "treatment" further.

Plaintiff's disability retaliation claim also suffers from another problem: Plaintiff did not engage in a protected activity. There is no evidence the Plaintiff ever complained about disability discrimination. And he did not request an accommodation under the ADA. An inadequate (or non-existent) request for an accommodation does not constitute protected activity. *Foster v. Mt. Coal Co., LLC*, 830 F.3d 1178, 1188 (10th Cir. 2016).

Plaintiff requested medical leave through Wesley's third-party administrator. But TAFW did not share the reason with Wesley. And TAFW advised Plaintiff in a letter that if he "would like to discuss an accommodation in addition to this request for leave, please contact your facility's Human Resource department as soon as possible." Plaintiff did not. None of Plaintiff's actions constituted protected activity under the ADA. Without protected activity (or causation), Plaintiff cannot establish a prima facie case of retaliation.

## 2. Legitimate, Non-Discriminatory Reason for Termination.

The second part of the analysis requires that the employer produce evidence of a legitimate, non-discriminatory reason for the plaintiff's termination (or other adverse action). *McDonnell Douglas*, 411 U.S. at 802. This burden is one of production, not persuasion; it involves no credibility assessment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Wesley meets this burden. Clark explained that she terminated Plaintiff's employment because he did not return to work after his protected leave was exhausted. In other words, he abandoned his job. This satisfies Wesley's burden.

### 3.    Pretext.

The third part of the analysis shifts the burden back to the plaintiff, who must demonstrate that the employer's proffered reason is pretext for discriminatory or retaliatory motive. *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). In analyzing a plaintiff's claim of pretext, courts examine the facts as they appear to the individual making the termination decision; the court's role is not to "second guess" the employer's business judgment. *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307 (10th Cir. 2017); *see Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006) ("[O]ur role is to prevent intentional discriminatory . . . practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments."). Nor is the court's role to ask whether the decision was wise, fair, or correct. *Dewitt*, 845 F.3d at 1307. Rather, the court must determine whether the employer honestly believed the legitimate, non-discriminatory or non-retaliatory reason it gave for its conduct and acted in good faith on that belief. *Id*. Mere conjecture that the employer's explanation is pretext is not enough to justify denial of summary judgment. *Id*.

All Plaintiff has is timing. He was terminated just after his protected leave ended. But temporal proximity alone is not sufficient to defeat summary judgment. *See Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1066 (10th Cir. 2009); *Peterson v. Exide Techs.*, 2011 WL 677150, at *8 (D. Kan. 2011). Plaintiff must have circumstantial evidence of bad motive to survive summary judgment. Plaintiff has not presented this evidence to the Court.

There is a complete dearth of evidence from which a reasonable jury could conclude that Plaintiff was treated poorly or terminated in retaliation for requesting time off for his disability or for turning in FMLA paperwork. The Court grants summary judgment on these claims.

## V.    CONCLUSION

The bulk of this Memorandum and Order analyzes Defendants' motion. The Court has separately viewed Plaintiff's motion in the light most favorable to the non-moving party, as the Court must. The Court gave Plaintiff considerable leeway throughout the briefing of these motions. *See, e.g.*, Docs. 155 (granting additional pages for briefing at Plaintiff's request); 168 (granting Plaintiff's motion to reconsider the Court's decision to strike Plaintiff's improper amendment of a response and allowing said amendment to stand). And Magistrate Judge Severson gave Plaintiff's various requests for relief during pretrial proceedings thoughtful and fair consideration. Throughout the case, both the undersigned and Judge Severson have held Plaintiff's filings to a less stringent standard than those drafted by lawyers. The Court has now reviewed the summary judgment record with the same liberal construction for Plaintiff. But in the end, Plaintiff fails to show a genuine issue of material fact remains for trial, warranting summary judgment in Defendants' favor. And Plaintiff fails to show that no reasonable jury could find for Defendants, warranting denial of his motion.

THE COURT THEREFORE ORDERS that Defendants' motion for summary judgment (Doc. 156) is granted and Plaintiff's cross-motion (Doc. 157) is denied. Plaintiff's time to appeal (thirty days) begins to run on the day judgment is entered. Fed. R. App. P. 4. The case is closed.

THE COURT FURTHER ORDERS that Plaintiff's motion for leave to file a surreply (Doc. 172) is denied.

IT IS SO ORDERED.

Dated: May 19, 2025                                   /s/ *Holly L. Teeter*
                                                      HOLLY L. TEETER
                                                      UNITED STATES DISTRICT JUDGE

# United States District Court

**------------------------- DISTRICT OF KANSAS---------------------------**

| | |
|---|---|
| **WILLIAM OSCAR WARD,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 6:23-CV-01091-HLT** |
| **WESLEY MEDICAL CENTER, LLC and HCA HEALTHCARE, INC.,** | |
| **Defendants.** | |

## JUDGMENT IN A CIVIL CASE

☐    Jury Verdict.  This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

Pursuant to the Memorandum and Order (Doc. 173), judgment is entered in favor of Defendants Wesley Medical Center, LLC and HCA Healthcare, Inc. This case is closed.

IT IS SO ORDERED.

SKYLER O'HARA
CLERK OF THE COURT

Dated: May 19, 2025                    */s/  M. Deaton*
                                           By Deputy Clerk